IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RODNEY K. JUSTIN, )
)
Petitioner, )
) 1:09CR66-1
v. ) 1:12CV1031
)
UNITED STATES OF AMERICA, )
)
Respondent. )

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, Rodney K. Justin, a former federal prisoner, has filed a Motion and Memorandum (Docket Entries 62 and 63)[1] seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner was indicted for four counts of willfully failing to file a tax return, in violation of 26 U.S.C. § 7203, and four counts of corruptly endeavoring to obstruct the administration of the internal revenue laws, by mailing fictitious "Bills of Exchange" for payment of income taxes, in violation of 28 U.S.C. §7212(a). (Docket Entry 1.) He was convicted on all eight counts after a jury trial (Docket Entry 23) and sentenced to thirty-six months in prison (Docket Entry 35). After an unsuccessful appeal, *United States v. Justin*, 450 Fed. App'x 304 (4th Cir. 2011), Petitioner filed the instant Motion (Docket Entry 62). Petitioner also filed a Motion entitled "Demand for Article III

---

[1] Unless otherwise noted, all cites to the record are to this criminal case. Additionally, according to the BOP prison locator, Petitioner was released from federal prison on May 29, 2013. http://www.bop.gov/inmateloc/. Petitioner—who attacks the validity of his conviction—filed the instant motion while he was imprisoned. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (prisoner must be "in custody" at the time his petition is filed).

Judge to Rule on All Pleadings" (Docket Entry 64), an Amended § 2255 Motion and supporting Memorandum (Docket Entries 72 and 73), and a "Motion to Obtain Evidence to Substantiate Transcripts" (Docket Entry 74). The Government filed a Response. (Docket Entry 91.) Petitioner filed a Reply (Docket Entry 95), a Petition for Writ of Mandamus (Docket Entry 97), and a supporting Declaration (Docket Entry 98). The matter is now prepared for a ruling. *See* Rule 8, Rules Governing § 2255 Proceedings.

## Petitioner's Claims

Petitioner asserts ineffective assistance of trial counsel and appellate counsel because counsel failed to raise the following arguments: (1) the unconstitutionality of 26 U.S.C. §§ 7203 and 7212; (2) that Petitioner used no "threat of force" or "bodily harm," (3) that 26 U.S.C. § 7212(a) was not enacted as law, (5) the failure to raise the Senate version of § 7212(a) and/or a lesser included instruction, (6) that his restitution order was unconstititonal, (7) that there is an error in his "Standard Conditions of Supervision," and (8) the failure to communicate a plea offer from the Government. (Docket Entry 63 at 4-5.)

## Discussion

In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668, 691-92 (1984). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 232-33 (4th Cir. 1994). To establish prejudice, Petitioner must show that there is a reasonable probability that but for counsel's

2

unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. Claims of ineffective assistance of counsel on appeal are also judged using the *Strickland* test. *See Lawrence v. Branker*, 517 F.3d 700, 708-09 (4th Cir. 2008).

Appellate counsel need not raise on appeal every non-frivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 752-53 (1983); *see also Evans v. Thompson*, 881 F.2d 117, 124 (4th Cir. 1989) (declaring that counsel pursued sound strategy when he "determined what he believed to be petitioner's most viable arguments and raised them on appeal"). Ineffective assistance of appellate counsel can be shown by demonstrating that "counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." *Bell v. Jarvis*, 236 F.3d 149, 180 (4th Cir. 2000) (citation omitted). As explained below, Petitioner has failed to demonstrate ineffective assistance of counsel because the arguments Petitioner raises conclusively fail and, therefore, counsel was not ineffective for raising them either at trial or on appeal.

### Claim One

Petitioner's first claim seems to be that he had a constitutional right under the Fifth and Ninth Amendments to refuse to file income tax returns and so he could not be convicted of willfully failing to file returns under 26 U.S.C. § 7203. (Docket Entry 63 at 4, 11-16.) He cites no cases that so hold.[2] As the Government correctly points out, this long-discredited tax protester position has been universally rejected. *See, e.g., Sullivan v. United*

---

[2] Petitioner also claims § 7212(a) violates Article I § 9, cl. 1 "by making it a crime for negotiating a contract" but fails to explain further. Petitioner is not entitled to relief or a hearing on an unsupported, vague, and conclusory claim such as this. (Docket Entry 63 at 4-5.) *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992), *abrog'n on other grounds recog'd*, *Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999).

3

*States*, 274 U.S. 259, 263-264 (1927); *United States v. MacLeod*, 436 F.2d 947, 951 (8th Cir. 1971); *Betz v. United States*, 753 F.2d 834, 835 (10th Cir. 1985); *United States v. Stillhammer*, 706 F.2d 1072, 1076-77 (10th Cir. 1983); *United States v. Brown*, 600 F.2d 248, 251-52 (10th Cir. 1979); *United States v. Irwin*, 561 F.2d 198, 201 (10th Cir. 1977); *Tingle v. Commissioner*, 73 T.C. 816 (1980); *Kindred v. Commissioner*, T.C. Memo 1979-457, 1979 WL 3497, *affirmed by Kindred v. Commissioner*, 669 F.2d 400 (6th Cir. 1982); *Curry-Bey v. United States*, No. 01-0062-CIV-UNGARO-B, 2001 WL 1103230, at *5 (S.D. Fla. 2001.) This claim fails and should be denied.

### Claim Two

Petitioner next contends that 26 U.S.C. § 7212(a) violates the Tenth Amendment on federalism grounds. (Docket Entry at 4, 17-21.) However, as a general matter, the Government is correct to point out that "the Tenth Amendment does not bar Congress from enacting criminal statutes." *United States v. Geiger*, 263 F.3d 1034, 1040 (9th Cir. 2001). 26 U.S.C. § 7212(a), which criminalizes a corrupt endeavor to obstruct the due administration of the internal revenue laws of the United States, is grounded on Congress' taxing power under Article I, Section 8. *See O'Rourke v. City of Norman*, 875 F.2d 1465, 1469 (10th Cir. 1989) (stating that Title 26 tax crimes enacted under the taxing power); *United States v. Varani*, 435 F.2d 758, 762 (6th Cir. 1970) (Section 7212(a) "well within the constitutional powers of Congress."); *see also United States v. Boos*, No. 97–6329, 97-6330, 1999 WL 12741, *2 (10th Cir. Jan. 14, 1999) ("Section 7212(a), a provision in the Internal Revenue Code, is authorized not by the Commerce Clause, but by the taxing provisions of

4

the Constitution.") Because Congress enacted the federal tax crime statutes under the taxing power, Petitioner's constitutional claim fails.

### Claim Three

Petitioner next claim is that a "threat of force" or "bodily harm used" was a "necessary element" for his conviction. (Docket Entry 63 at 22.) This is not so. To establish a violation of 26 U.S.C. § 7212(a), the Government had only to prove that the petitioner (1) corruptly (2) endeavored (3) to obstruct or impede the due administration of the IRS Code. *United States v. Wilson*, 118 F.3d 228, 234 (4th Cir. 1997). Petitioner's position was also rejected in *United States v. Popkin*, 943 F.2d 1535, 1539-40 (11th Cir. 1991), where the court concluded that force or threat of force directed at a specific agent or employee was not necessary for conviction under § 7212(a). *See also* 26 U.S.C. § 7212(a) (making it unlawful "in any other way corruptly or by force or threats of force" to obstruct or impede or endeavor to obstruct or impede due administration of the internal revenue laws).

### Claim Four

Petitioner's next invokes *United States v. Walker*, 514 F. Supp. 294 (E.D. La. 1981). (Docket Entry 63 at 5, 22-23.) Petitioner claims that *Walker* stands for the proposition that "the felony part of [Section 7212(a)] . . . was not passed by both the House and Senate." (Docket Entry 63 at 5.) However, nothing in *Walker* supports this conclusion. In fact, *Walker* suggests the exact opposite and tacitly presumes that § 7212(a) was properly enacted. *Walker*, 514 F. Supp. at 307-09 (concluding that the felony provision of section 7212(a) making it an offense to corruptly or by force or threats of force endeavor to intimidate an

5

IRS employee in performance of his duties or obstruct or impede or endeavor to impede or obstruct the due administration of Internal Revenue Code did not absorb the misdemeanor provisions). Petitioner has provided no evidence in support of his claim that the current version of § 7212(a) was never properly enacted and the Court is aware of none. Consequently, this claim fails.

## Claim Five

Petitioner's fifth claim is that his attorney "failed to move the Court at the pretrial stage of the prosecution for an affirmative defense of the Senate version of 7212(a) and/or a lesser included jury instruction." (Docket Entry 63 at 5.) This claim appears based on Petitioner's failed argument that the felony provision of § 7212(a) was not properly enacted, which fails for the reasons set forth above. Petitioner also seems to fault counsel for failing to propose a jury instruction giving the jury the option to convict Petitioner for a misdemeanor violation of 26 U.S.C. § 7212(a). Section 7212(a) reads as follows:

> (a) Corrupt or forcible interference.--Whoever corruptly or by force or threats of force (including any threatening letter or communication) endeavors to intimidate or impede any officer or employee of the United States acting in an official capacity under this title, or in any other way corruptly or by force or threats of force (including any threatening letter or communication) obstructs or impedes, or endeavors to obstruct or impede, the due administration of this title, shall, upon conviction thereof, be fined not more than $5,000, or imprisoned not more than 3 years, or both, except that if the offense is committed only by threats of force, the person convicted thereof shall be fined not more than $3,000, or imprisoned not more than 1 year, or both. The term "threats of force", as used in this subsection, means threats of bodily harm to the officer or employee of the United States or to a member of his family.

6

26 U.S.C. § 7212(a).

The statute, therefore, provides for both a felony and a misdemeanor conviction. In other words:

> A violation of 26 U.S.C. § 7212(a) may be committed corruptly or by forcibly endeavoring to interfere with government employees acting pursuant to Title 26. The statute also may be violated when a defendant "corruptly, or by force or threats of force" attempts to obstruct or impede the due administration of the tax laws ("Omnibus Clause"). A violation of the Omnibus Clause may be either a felony or a misdemeanor. If committed "corruptly" or "by force" it is a felony, but if committed solely by "threats of force," it is a misdemeanor.

*United States v. Valenti*, No. 98-1224, 1998 WL 735934, *1-2 (7th Cir. 1998)

Here, Petitioner was not charged with making "threats of force" but with "mailing [ ] fictitious 'Bill[s] of Exchange'" to the IRS "for payment of income taxes and fraudulently demanding a receipt for taxes paid." (Docket Entry 1, Counts Five through Eight.) He was not convicted of making "threats of force," nor does he point to any evidence of "threats of force." Petitioner was not entitled to a jury instruction regarding the misdemeanor provision of § 7212(a). For all these reasons, this claim fails.[3]

---

[3] In his Reply, Petitioner cites to *United States v. Kassouf*, 144 F.3d 952 (6th Cir. 1998) for the proposition that to be guilty of violating § 7212(a) one must, at the time he files a false form, be aware of some pending IRS action. (Docket Entry 95 at 4.) In *Kassouf*, the Sixth Circuit held that the § 7212(a) charge was properly dismissed because there was no on-going IRS investigation. *Kassouf*, 144 F.3d at 955-58. This holding, however, was soon severely curtailed by the Sixth Circuit, *United States v. Bowman*, 173 F.3d 595, 600 (6th Cir. 1999), and has been repeatedly rejected elsewhere, *see United States v. Floyd*, 740 F.3d 22, 32, n.4 (1st Cir. 2014) ("We do not regard [*Kassouf*] as good law."); *United States v. Willner*, No. 07 Cr. 183(GEL), 2007 WL 2963711, at *3-6 (S.D.N.Y. Oct. 11, 2007) (collecting cases). *Kassouf* does not change the outcome of this proceeding.

7

## Claim Six

Petitioner's next claim concerns the restitution ordered by the Court. (Docket Entry 63 at 6.) This claim fails because it is not cognizable by this Court on collateral review. Restitution may not be adjudicated at this stage of the case because a petitioner cannot challenge a restitution order in a 28 U.S.C. § 2255 motion. *See Mamone v. United States*, 559 F.3d 1209, 1211 (11th Cir. 2009); *Kaminski v. United States*, 339 F.3d 84, 87 (2d Cir. 2003); *United States v. Bernard*, 351 F.3d 360, 361 (8th Cir. 2003); *United States v. Thiele*, 314 F.3d 399, 402 (9th Cir. 2002); *United States v. Hatten*, 167 F.3d 884, 887 (5th Cir. 1999); *Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997); *Smullen v. United States*, 94 F.3d 20, 25-26 (1st Cir. 1996); *see also United States v. Fabian*, 798 F. Supp. 2d 647, 684 (D. Md. 2011) (concluding that while "the Fourth Circuit has not addressed the question, it appears that nearly every other Court of Appeals [addressing it] has concluded that restitution orders cannot be attacked through a § 2255 petition").

## Claim Seven

Petitioner next contends that "[t]here has been no explicit finding on the record that the discretionary conditions [18 USC § 3563(b)], and then promulgated by the Judicial branch into law as Standard Conditions are in anyway related to the nonviolent convictions of 7201 and 7212." (Docket Entry 63 at 6.) It is not entirely clear exactly what Petitioner means by this, though the Government construes the argument as an objection to the "Standard Conditions of Supervision" enumerated as items 1-13 of the Judgment in this case. (Docket Entry 91 at 12 citing Docket Entry 35 at 3.) If this is what Petitioner is

8

arguing, then the argument fails because the "Standard Conditions of Supervision" imposed upon Petitioner as part of his sentence appear to be in compliance with 18 U.S.C. § 3563. 18 U.S.C. § 3563. Additionally, Petitioner has completed his term of supervised release and the issue is now moot. *See Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998); *see also Abusada v. United States*, Nos. 3:10–cv–295–RJC, 3:08–cr–112–RJC, 2013 WL 5492666, *6 (W.D.N.C. Oct. 1, 2013). Beyond this, Petitioner's claim fails for vagueness. *See Nickerson*, 971 F .2d at 1136. Accordingly, this claim should be rejected.

## Claim Eight

Petitioner's next claim invokes the recent Supreme Court ruling in *Missouri v. Frye*, 132 S. Ct. 1399 (2012). (Docket Entry 63 at 7.) In *Frye*, the Supreme Court held that the Sixth Amendment right to counsel is violated when a defendant receives a harsher sentence due to his attorney's failure to inform the defendant of a plea offer from the government. *See Frye*, 132 S. Ct. at 1404, 1410-11. Petitioner's claim here is that his lawyer "failed to communicate an offer from the prosecution for a plead [sic] to a 7212(a) misdemeanor versus a jury trial for a felony 7212(a)." (Docket Entry 63 at 7.)

As explained, however, Petitioner was not charged with making "threats of force" and his misconduct did not involve "threats of force." In fact, as the Government correctly points out, "under penalty of perjury," he denies making "threats of force." (Docket Entry 63 at 10, ("I did not use any 'threat of force' or 'bodily harm' against any employee of the United States or to a member of his family.").) Since "threats of force" are a necessary element of a misdemeanor violation of § 7212(a), Petitioner could not have pleaded guilty to

9

that offense, even if the Government had made such a plea offer, which it asserts it did not. *See Walker*, 514 F. Supp. at 303-304 ("Proof that the defendant employed the threat of force is an essential element of the misdemeanor provisions of this section.") Accordingly, there was not, nor could there be, a *Frye* violation here. *See Frye*, 132 S.Ct. at 1409 (concluding that the elements of a *Frye* analysis turn on whether a petitioner "would have accepted the earlier plea offer had they been afforded effective assistance of counsel," and "the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it . . . .").[4] This claim lacks merit and should be denied.

## Petitioner's Amended § 2255 Motion

Petitioner has also filed a second set of § 2255 forms, containing one new claim (Docket Entry 72)—which is really only additional argumentation on the issue of restitution—along with a supporting memorandum (Docket Entry 73). These pleadings contend that it was unconstitutional under recent Supreme Court case law for the Court to order Petitioner to pay $634,000 in restitution. (Docket Entry 72, Ground One; Docket

---

[4] Petitioner points out by way of Reply that in an initial criminal case he was the subject of a four count information asserting his willful failure to file tax returns in violation of 26 U.S.C. § 7203. (Docket Entry 95 at 2-3.) That case was dismissed, however, after Petitioner was indicted in the instant action, which charged him with those same willful failures to file, along with four additional counts of corrupt interference. (1:08-cr-00098, Docket Entry 1 and 12; 1:09CR66-1, Docket Entry 1.) Petitioner contends that the fact that the Government indicted him in the instant matter after he failed to plead guilty to the charges in the initial criminal action amounted to undue coercion, however, he provides no authority for that assertion and the Court is aware of none. Petitioner also contends that counsel was ineffective for failing to bring to the trial court's attention the fact that he actually filed tax returns for the years in question. (Docket Entry 95 at 3.) The Fourth Circuit has already considered the argument that Petitioner met his obligation to file tax returns and rejected it. *United States v. Justin*, 2011 WL 2262082, *6-8 (June 9, 2011) (appellate brief); *United States v. Justin*, 450 Fed. App'x 304, 304-05 (4th Cir. 2011). Petitioner cannot relitigate that issue here. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). To the extent Petitioner is attempting to raise other arguments considered by the Fourth Circuit, which he may be attempting to do in his Reply, those claims fail for this reason as well.

10

Entry 73.) As explained, however, Petitioner cannot contest his restitution order by way of a § 2255 Motion. The Supreme Court decision he cites in his supporting memorandum—*Southern Union Co. v. United States*, 132 S.Ct. 2344 (2012)—does not change this and, in any event, is not applicable to restitution orders.[5] *See United States v. Day*, 700 F.3d 713, 732 (4th Cir. 2012). The Court has considered Petitioner's additional argumentation and found it to be without merit.

### Petition for Writ of Mandamus

Petitioner has also filed a Petition for Writ of Mandamus with this Court (Docket Entry 97) along with a supporting Declaration (Docket Entry 98). In this Petition, Petitioner requests that the Court rule on his § 2255 Motion and argumentation. (Docket Entry 97.) For the reasons set forth elsewhere herein, the undersigned recommends that the Court deny all of Petitioner's claims and deny Petitioner's § 2255 Motion(s). The undersigned recommends further that Petition's Petition for Writ of Mandamus (Docket Entry 97) then be denied as moot.

### Demand for Article III Judge to Rule on All Pleadings

Petitioner has also filed a pro se motion entitled a "Demand for Article III Judge to Rule on All Pleadings." (Docket Entry 64.) In it, Petitioner objects to the assignment of a magistrate judge to this matter for orders on nondispositive motions and recommendations on dispositive motions. Referral of a matter to a United States Magistrate Judge does not require consent of the parties and a purely conclusory, vague, and unsupported objection to

---

[5] In *Southern Union*, the Supreme Court explained that the rule of *Apprendi* precludes "judicial factfinding that enlarges the maximum punishment a defendant faces beyond what the jury's verdict or the defendant's admissions allow." 132 S.Ct. at 2352.

11

the referral provides no basis for vacating the referral. And, in any event, the case remains assigned to District Judge James A. Beaty, Jr. for final decision on all dispositive motions. This motion should be denied.

### Petitioner's "Motion to Obtain Evidence to Substantiate Transcripts"

Last, Petitioner has filed a discovery motion. In it, Petitioner asserts that at the outset of trial, the Court stated "There will be no Constitutional arguments in this Court room." (Docket Entry 74 at 1.) Petitioner contends that this remark "intimidated" counsel into failing to raise a number of constitutional claims. (*Id.*) However, as explained above, none of Petitioner's constitutional claims have merit, so even if Petitioner's speculative allegation were true (which it is not), he has failed to demonstrate prejudice. In any event, Petitioner requests that the Court supply him with a copy of the trial transcripts so that he may determine whether his constitutional rights have been violated and also to decide whether the judge presiding over the trial violated his oath of office to uphold and defend the Constitution. (*Id.*) Petitioner, a physician who is no longer incarcerated, does not meaningfully explain to the Court why he has not taken steps to secure his trial transcripts without a Court order. In any event, this motion will be denied as frivolous. The undersigned has reviewed the trial transcripts on the record. They contain no such statement by the Court. The Court did use a limiting instruction at trial stating that it was the province of the Court to instruct the jury on the law. (*See, e.g.*, Docket Entry 42 at 36, 41-42.) However, this was not error and is, in fact, a bedrock principle of law. At most,

12

Case 1:09-cr-00066-JAB   Document 100   Filed 05/27/15   Page 12 of 13

Petitioner seeks trial transcripts to frame a series of frivolous complaints. The motion is denied.

## Conclusion

For the reasons set forth above, Petitioner's requests for relief should be denied. This matter does not warrant an evidentiary hearing.

**IT IS THEREFORE ORDERED** that Petitioner's "Motion to Obtain Evidence to Substantiate Transcripts" (Docket Entry 74) be **DENIED**.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Docket Entries 62 and 72) be **DENIED** and that Petitioner's Petition for Writ of Mandamus (Docket Entry 97) also be **DENIED** as moot.

**IT IS THEREFORE FURTHER RECOMMNEDED** that Petitioner's motion entitled "Demand for Article III Judge to Rule on All Pleadings" (Docket Entry 64) be **DENIED** for the reasons set forth above.

Joe L. Webster
United States Magistrate Judge

May 27, 2015
Durham, North Carolina